IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTIONNE LEWIS SMITH<br>Plaintiff,<br>v. | *<br><br>* | <br><br>CIVIL ACTION NO. PJM-09-2176 |
| MONYETTE SMITH<br>Defendant. | *<br><br>*** | |

**MEMORANDUM OPINION**

Antoinne Lewis Smith ("Smith") is confined at the Maryland Correctional Institution in Hagerstown. On August 14, 2009, the Court received for filing his pleading seeking to appeal a decision entered in the District Court for Baltimore City. According to Smith, a court trial was scheduled in his civil case against Defendant Monyette Smith, but he was unaware of the trial date and the Division of Corrections did not issue any summons for the date. Paper No. 1. He states that he did not "get a fair opportunity to present his claims." *Id*. Smith further complains that he filed his appeal in a timely manner, but the state court informed him it was untimely. *Id*. He asks that the Court give him the "necessary steps and paperwork to go forward with [his] case against the Defendant." *Id*. For reasons to follow, the Complaint shall be summarily dismissed.

To the extent that Smith seeks to remove his case in the District Court of Baltimore City to this Court, his request shall be denied, as he has failed to meet the fundamental and threshold requirement of removal under federal statute, to wit: only state court *defendants* may seek to remove actions to the federal district court (emphasis added). *See* 28 U.S.C. § 1441. Section § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants**,** to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

As to the Complaint, Smith has failed to and cannot establish federal district court jurisdiction over the matter at issue. The state court docket shows that Smith filed a contract matter against Monyette Smith in small claims court on January 16, 2009, seeking damages in the amount of $5,800.00. *See Smith v.* Smith, Case No. 01010002668209 (District Court of Baltimore City) (copy attached). Judgment was entered in favor of defendant Monyette Smith on June 17, 2009. This Court has limited jurisdiction and does not take review of state court contract matters involving non-diverse parties.

Last, but fundamentally not least, the Court finds that when separating the chaff from the wheat, Smith's claims go to his disagreements with the manner in which his state court civil case was handled. The Court is without jurisdiction to review the thrust of the allegations, as they are based upon a history of prior state court civil proceedings. Under the *Rooker-Feldman* doctrine,[1] a federal court does not have jurisdiction to overturn state court judgments, even when the federal complaint raises allegations that the state court judgments violate a claimant's constitutional or federal statutory rights. In creating this jurisdiction bar, the Supreme Court reasoned that because federal district courts have only original jurisdiction, they lack appellate jurisdiction to review state court judgments.[2]  In effect, the *Rooker-Feldman* doctrine precludes federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005).

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

[2] The Court explained that only the Supreme Court has federal court appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257.

The Court finds that the instant matter is subject to dismissal.[3]  A separate order effecting the ruling made in this opinion is entered herewith.

August 31, 2009

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[3]  Smith has filed neither the district court filing fee nor moved for indigency status.  He shall not, however, be required to cure this deficiency.